# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1-03-10048-T |
| | ) | |
| MICHELLE R. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

---

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

---

On December 11, 2003, Defendant Michelle R. Smith pled guilty to possession of a firearm in relation to and during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(2) and was sentenced to a prison term of sixty (60) months. On March 26, 2004, she filed a Notice of Appeal to the Sixth Circuit.

Before the court is Defendant's motion, *pro se*, to compel discovery of documents related to her criminal case pursuant to the Freedom of Information and Privacy Act ("FOIA"), 5 U.S.C. §552. Defendant requested the documents in a letter dated August 27, 2004 and again on September 28, 2004. On September 30, 2004, Defendant received a letter from the Executive Office for United States Attorneys (EOUSA) stating that the request had been received, however, because her request was wide in scope, it would take approximately nine months to process. Defendant states that the EOUSA has not yet complied with her

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on ___05-12-05___

request and files this motion.  For the following reasons, Defendant's motion is DENIED.

The Freedom of Information Act was enacted to afford the public greater access to government "records."  Department of Air Force v. Rose, 425 U.S. 352, 365-66 (1976).  The FOIA obligates an agency to "determine within 20 days... after the receipt of [a FOIA] request whether to comply with such request."  5 U.S.C. § 552(a)(6)(A)(i).  The statute confers upon the district courts jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(4)(B).  Although the FOIA provides for judicial review of adverse determinations, the statute also prescribes an administrative appeal process that a party must exhaust before seeking redress from the court.  Under this provision, the agency:

> shall immediately notify the person making the request of [a denial] and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination; and... make a determination with respect to any appeal within twenty days... after the receipt of such appeal.  If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under [the aforementioned provision allowing district court review].

5 U.S.C. § 552(a)(6)(A)(i)-(ii).  Thus, a party must receive a denial from the agency, appeal the denial to the head of the agency, and be denied access to the records on appeal.

In the present case, Defendant has received no such denial from the EOUSA.  The last correspondence from the EOUSA, dated September 28, 2004, stated that her request would be processed approximately nine months from the date of the letter.  Accordingly, the EOUSA has until approximately June 30, 2005 to provide the requested documents to

2

Defendant.  Needless to say, Defendant has not yet received a first adverse determination from the EOUSA, much less a second denial which would warrant judicial review.[1]

In addition, although the FOIA sets forth a twenty-day time limit to respond to document requests, these time limits "may be extended by written notice to the person making such request setting forth the unusual circumstances for such an extension and the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B)(i). "Unusual circumstances" include "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request...."  5 U.S.C. § 552(a)(6)(B)(iii).

Defendant's request asked for "all information about myself in criminal case files," therefore, the EOUSA correctly determined that her request was an unusual circumstance that may extend compliance beyond the prescribed twenty-day period.  Consequently, the EOUSA is not bound by the twenty-day time limit imposed by statute and may take approximately nine months in accordance with the September 30th letter.  As a result, Defendant's motion to compel discovery of documents related to her criminal case pursuant

---

[1] Although Defendant's motion states that "as of April 29, 2005, the EOUSA states that they do not have such records because they are still in the District Court," Defendant has submitted no evidence to support this statement.  Defendant's Motion to Compel, at ¶ 4.  Thus, Defendant has failed to demonstrate that her request has received a first denial from the EOUSA. Further, to the extent that Defendant may be attempting to compel production of records within possession of the court, she should be aware that the court is exempt from the Freedom of Information Act.  See United States v. Cass, 376 F.3d 20 (1st Cir. 2004); F.D.I.C. v. Ernst & Ernst, 677 F.2d 230 (2nd Cir. 1982); Warth v. Department of Justice, 595 F.2d 521 (9th Cir. 1979); Cook v. Willingham, 400 F.2d 885 (10th Cir. 1968).

to the Freedom of Information and Privacy Act, 5 U.S.C. §552, is DENIED.

IT IS SO ORDERED.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 68 in
case 1:03-CR-10048 was distributed by fax, mail, or direct printing on
May 12, 2005 to the parties listed.

---

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Michelle Smith
Federal Correctional Institution
19103-076
501 Capital Circle NE
Tallahassee, FL 32301

Honorable James Todd
US DISTRICT COURT